CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 17 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| WARREN SCOTT TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 5:11cv00097 |
| v. | ) |
| | ) |
| ROBERT F. MCDONNELL, | ) |
| As Governor of the Commonwealth of Virginia | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

*Pro se* plaintiff Warren Scott Taylor, seeking to proceed *in forma pauperis*, has filed a complaint against defendant Robert F. McDonnell, as Governor of the Commonwealth of Virginia. Plaintiff alleges that defendant has violated his constitutional rights under 42 U.S.C. § 1983 by denying his petition for executive clemency on September 14, 2011, for two prior DUI convictions in 1995 and 2001. The court grants plaintiff's application to proceed without prepayment of fees but dismisses his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff does not state a claim upon which relief can be granted.

I

Section 1915(e) provides that a court shall dismiss an *in forma pauperis* complaint "at any time" if it "fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(ii). Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads

facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

In this case, plaintiff claims that defendant, as Governor of the Commonwealth of Virginia, violated his constitutional rights by denying his petition for executive clemency on September 14, 2011, for two prior DUI convictions in 1995 and 2001. Under Virginia law, the Governor has the sole discretion to grant requests for pardon and reprieve. The Constitution of Virginia provides that "[t]he Governor shall have power . . . to grant reprieve and pardons after conviction . . . ." VA. CONST. art. 5, § 12. The Code of Virginia does not place any restrictions on this power, stating that "the power . . . to grant pardons and reprieves is vested in the Governor." VA. CODE ANN. § 53.1-229. This discretion to grant or deny requests for pardon and reprieve is not subject to federal judicial review.

In Graham v. Angelone, Andre Graham's petition for clemency compensation was denied by the Governor of Virginia, and he sought reconsideration of that decision in the United States District Court for the Eastern District of Virginia. 73 F. Supp. 2d 629, 630 (E.D. Va. 1999). The court held that "a clemency petition to the Governor of Virginia is not subject to judicial review" for two reasons. Id. at 631. First, the court found that there is no constitutionally protected interest in clemency in Virginia, stating:

> A clemency petition is directed to the executive branch of government which has the power to grant clemency or commute a sentence. As such, clemency is an executive remedy not a judicial remedy. . . . The separation of powers doctrine prohibits the courts from placing restrictions on the powers delegated to the executive branch. Accordingly, decisions to grant clemency or commute a sentence are rarely appropriate subjects for judicial review. In order for a clemency petition to be subject to judicial review, there must be a procedural or fundamental constitutional right which creates a protected interest in clemency. Rights giving rise to a claim subject to judicial review must be based on statutes or rules defining the scope of the clemency power and the obligations of the office charged with exercising the power.

2

Id. at 630-31 (citations omitted); see also Ohio Adult Parole Auth. v. Woodward, 523 U.S. 272 (1998) (holding that clemency decisions are generally not entitled to judicial review and that the clemency procedures at issue do not violate the Due Process Clause); Conn. Bd. of Pardons v. Dumschat, 452 U.S. 458 (1981) (holding that there is no constitutionally protected interest in clemency). Because the Code of Virginia "does not place any conditions or limitations on the power vested in the Governor" under the state constitution to grant reprieve and pardons, the court found that a clemency petition in Virginia is not subject to judicial review. Graham, 73 F. Supp. 2d at 631. Second, the court held that the Tenth Amendment of the United States Constitution precludes judicial review in the case. Id. The court noted as follows:

> [T]he power to grant clemency is a power reserved to the states under the Tenth Amendment of the United States Constitution. . . . Moreover, Graham's clemency petition would not be directed to a federal executive but rather to the Governor of the Commonwealth of Virginia, and the federal court must remain separate and apart from Graham's clemency petition directed to the executive branch of the Commonwealth of Virginia.

Id. Based on these two reasons, the court concluded that "[c]lemency in this case is an executive remedy exclusively that of the Commonwealth of Virginia and is not subject to judicial review by a federal court." Id.

## II.

In this case, plaintiff is seeking federal judicial review of the denial of his petition for executive clemency by the Governor of the Commonwealth of Virginia. However, as the Constitution of Virginia, the Code of Virginia, and the holding in Graham make clear, plaintiff has no constitutionally protected interest in clemency, and the Governor's denial of his petition is not subject to review by this court. Accordingly, **IT IS ORDERED AND ADJUDGED** that plaintiff's request for *in forma pauperis* status is **GRANTED**, that plaintiff complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to § 1915(e)(2)(B)(ii),

3

and that this case shall be **STRICKEN** from the active docket of the court. The Clerk is directed to send a copy of this Memorandum Opinion and accompanying Order to plaintiff.

Entered: October 14, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge